# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOSEPH HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CV-370 JVB |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on Petitioner Joseph Hill's Motion for Reconsideration [DE 15]. On August 13, 2008, Petitioner submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a prison disciplinary hearing. On April 21, 2010, the Court issued an opinion and order denying the petition for writ of habeus corpus.

According to the parties' submissions, on November 15, 2007, STG Coordinator C. McKinney wrote a conduct report charging Hill with unauthorized alteration of state property (DE 6-2). The conduct report alleged that Hill provided Vaseline to another inmate who smeared it over the lens of a surveillance camera, obscuring the camera's view of the range. On November 30, 2007, a disciplinary hearing board ("DHB") found Hill guilty of the charge against him and imposed an earned credit time deprivation of 180 days, six months in disciplinary segregation and $3.75 in restitution to clean the camera lens. Hill appealed unsuccessfully to the Superintendent and the final reviewing authority.

The Court ordered the Respondent to respond to Hill's petition for writ of habeas corpus and to submit the administrative record of the disciplinary action. The Respondent filed a

response to order and submitted the administrative record. and submitted a memorandum containing arguments. The Petitioner filed a traverse. After reviewing the parties' submissions, the Court found the three grounds addressed in the petition to have no merit, and denied the petition.

The Petitioner has filed a motion to reconsider the denial of his petition, asserting that he was charged with the very same act as another inmate, and that he should have been charged as an accomplice rather than as a principal. The Petitioner does not assert that the Court erred in dealing with the three issues presented in his petition. Rather, he asks that this Court set aside the DHB's finding of guilt and "instruct the Indiana State Prison to allow for a re-hearing as a class A-111 Conspiracy/Attempting' Aiding or Abetting." (DE 15 at 2).

The Petitioner, however, did not present this as a claim in his petition for writ of habeas corpus, and he may not now try to add it as a new claim. Moreover, the administrative record establishes that Hill did not present this claim to the Indiana Department of Correction during his departmental appeal. (DE 6-10, 11). The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *O'Donnell v. Davis*, 115 Fed. Appx. 869, 871 (7th Cir. 2004); *Markham v. Clark*, 978 F.2d 993. 995 (7th Cir. 1992). To obtain federal habeas review, a prisoner must take all available appeals, including administrative appeals, and must have raised in those appeals any issue on which the prisoner seeks federal review. *See Wilson-El v. Finnan*, 263 Fed Appx. 503, 506 (7th Cir. 2008); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Because Hill did not present this claim in his institutional appeal, he may not present it in his petition for writ of habeas corpus.

For the foregoing reasons, the Court DENIES Petitioner's Motion for Reconsideration [DE 15].

SO ORDERED on January 24, 2011.

                                                  s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN
                                                  UNITED STATES DISTRICT JUDGE